John COLLETTE, Plaintiff—Appellant,

v.

UNITED STATES of America; et al., Defendants—Appellees.

No. 05–36110.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2007.

Filed Sept. 6, 2007.

John Collette, Fairbanks, AK, pro se.

Louis M. Fischer, Attorney, U.S. Department of Justice, Washington, DC, James N. Barkeley, Esq., USAK—Office of the U.S. Attorney, Anchorage, AK, for Defendants–Appellees.

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

### MEMORANDUM *

John Collette (Collette) appeals the dismissal of his suit to reclaim 21 pieces of property administratively forfeited by the Drug Enforcement Administration (DEA), claiming that the DEA did not provide him with constitutionally sufficient notice of the forfeitures. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1. *Marijuana Grow Equipment (Both Sets), 1984 Audi Quattro, 1984 Volkswagen Quantum*

■ The DEA received Return Receipt Cards (Green Cards) signed by jail staff in response to notices covering these four

items, which were sent to Collette at the Cook Inlet Pretrial Facility by certified mail. The notice as to these four items was sufficient. *See Dusenbery v. United States,* 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (holding that the Constitution does not require actual notice when the individual is in prison but only "that the Government's effort be reasonably calculated to apprise a party of the pendency of the action" (internal quotation marks omitted)).

2. *1982 Kubota Tractor*

The DEA received a Green Card signed by Collette in response to the tractor's notice, so Collette had actual notice as to this item. *See id.* at 169–70, 122 S.Ct. 694.

3. *1988 Polaris Snowmobile, Mercury Outboard Motors, Apple Computer*

■ The DEA sent several notices by certified mail that covered these three items, but each notice was returned to the DEA as undeliverable. Notice was insufficient because the DEA failed to make further efforts to deliver notices it knew had not reached Collette. *See Jones v. Flowers,* 547 U.S. 220, 224–26, 126 S.Ct. 1708, 1713, 164 L.Ed.2d 415 (2006).

4. *1988 Glassair III Aircraft, $13,000 Currency, 1968 International V–200 Dump Truck*

■ After several notices covering these three items were returned as undeliverable, the DEA received an unsigned Green Card in response to a notice covering the Glassair aircraft, and no response to notices covering the $13,000 currency and International dump truck. Because the DEA did not receive signed Green Cards,

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

which it should have if the certified mail system had worked properly, and made no further efforts to contact Collette, the notice as to these three items was not sufficient. *See id.* at 1720–21.

5. *1966 Helio Courier Aircraft, Yamaha Outboard Motor, Lincoln Arc Welder, 1987 Polaris Snowmobile, Bank Account of $10,378.74, Bank Account of $7,500, Bank Account of $11,880, Rigid Pipe Threading Machine, Achilles Rubber Raft, Garmin Global Positioning System*

 The DEA sent several notices covering these ten items, for which the notices were either returned as undeliverable or for which there was no response. After mailing a new round of notices, the DEA received Green Cards signed by "Karen Brown" as to each of the ten items. "Karen Brown" was a person unknown to the DEA, and the DEA had no indication of her relationship to Collette. Because the DEA had no assurances that Collette had received these notices, but did not make any further attempts to notify Collette, notice as to these ten items was not sufficient. *See id.*

We AFFIRM as to both sets of marijuana grow equipment, the 1984 Audi Quattro, the 1984 Volkswagen Quantum, and the 1982 Kubota tractor. We REVERSE as to the remaining 16 items of property, and REMAND for proceedings consistent with this decision.

**AFFIRMED in part, REVERSED in part and REMANDED.**

**Each party shall bear their own costs.**